In the Matter of the Estate of

James F. Stewart, Deceased, W. Lawrence George,
Personal Representative *v*. Ruth E. Stewart.

[No. 770A109. Filed March 2, 1971.]

*Ronald Warrum, Matthews, Warrum & Shaw,* of Evansville, for appellant.

*Trockman, Lloyd, Flynn and Swain,* of Evansville, for appellee.

Order on Appellant's Petition for Fourth Extension of Time Within Which to File Record of Proceedings.

Appellant herein, W. Lawrence George, personal representative, by counsel, has filed in this court a petition for fourth extension of time within which to file the record of the proceedings. This action was tried in the trial court upon the

personal representative's "Petition to Determine Heirship during Administration". On February 10, 1970, judgment was entered in the Vanderburgh Superior Court. On March 31, 1970, the personal representative filed his motion to correct errors. On April 13, 1970, the trial court overruled the personal representative's motion to correct errors. On April 30, 1970, a praecipe was filed with the Clerk of the Vanderburgh Superior Court, Probate Division, directing the court reporter of said court to prepare a transcript of the evidence.

On July 13, 1970, appellant, by counsel, filed in this court a petition for extension of time within which to file the record of proceedings. Said petition was verified by Ronald Warrum, attorney for appellant. Said petition stated, *inter alia*, the following:

> "a. That Nadine Brady, the Court Reporter for the Vanderburgh Superior Court who reported the evidence in this cause, by shorthand notes, has several transcripts to prepare, the praecipes for which were filed prior to the praecipe in this cause, and has informed the Personal Representative's attorneys on the 11th day of July, 1970, that she will be unable to complete the transcript before the 15th day of July, 1970, and further that Nadine Brady is presently on vacation and the Personal Representative was unable to secure her affidavit as to the above facts."

Said petition was granted by this court, giving appellant to and including September 15, 1970, within which to file the transcript.

On September 15, 1970, appellant, by counsel, filed in this court "Petition for Second Extension of Time Within Which to File the Record of Proceedings", which petition was verified by attorney Ronald Warrum. Said petition stated, *inter alia*, as follows:

> "a. That Nadine Brady, the Court Reporter for the Vanderburgh Superior Court who reported the evidence in this cause, by shorthand notes, has several transcripts to prepare, the praecipes for which were filed prior to the praecipe in this cause, and she has informed the Personal

Representative's attorney on the 11th day of September, 1970, that she will be unable to complete the transcript before the 15th day of September, 1970."

Said petition was granted by this court giving appellant to and including November 16, 1970, within which to file said transcript.

On November 10, 1970, appellant, by counsel, filed "Petition for Third Extension of Time Within Which to File the Record of Proceedings". Said petition was verified by Ronald Warrum, attorney for appellant, and stated, *inter alia,* as follows:

"a. That Nadine Brady, the Court Reporter for the Vanderburgh Superior Court who reported the evidence in this cause, by shorthand notes, has several transcripts to prepare, the praecipes for which were filed prior to the praecipe in this cause, and she has informed the Personal Representative's attorney on the 10th day of November, 1970, that she will be unable to complete the transcript before the 15th day of November, 1970."

Said petition was granted giving appellant to and including February 15, 1971, within which to file said transcript.

On February 10, 1971, appellant, by counsel, filed "Petition for Fourth Extension of Time Within Which to File the Record of Proceedings." Said petition was verified by attorney Ronald Warrum and stated, *inter alia,* as follows:

"a. That Nadine Brady, the Court Reporter for the Vanderburgh Superior Court who reported the evidence in this cause, by shorthand notes, has several transcripts to prepare, the praecipes for which were filed prior to the praecipe in this cause, and she has informed the Personal Representative's attorney on the 8th day of February, 1971, that she will be unable to complete the transcript before the 15th day of February, 1971."

Said petition for the fourth extension of time prayed for a 120-day extension of time within which to file the record of the proceedings. On February 19, 1971, the affidavit of Nadine

Brady, court reporter, was filed herein, in which she stated that she has been unable to date to prepare the transcript of the evidence of the hearing and that she will be able to have said transcript of the evidence prepared on or before the 15th day of June, 1971.

If this court would grant said fourth petition for extension of time, and taking into consideration the time allowed by the rules for filing briefs, more than one and one-half years would elapse from the time the trial court entered judgment until the case could be acted upon by this court. The guiding principle of this court which appears on our seal is—"Speedily and Without Delay." In the past few years considerable criticism has been levied against both the Bench and the Bar for delay in bringing cases to termination. This has been especially true in matters involving estates. The record in this case seems to justify such criticism. The litigants in matters should not be penalized for the delay caused by officers of the court. In examining the verified petitions which have been filed herein, it appears that the court reporter had, on July 13, 1970, the date on which the first petition was filed, several transcripts to prepare, the praecipes for which were filed prior to the praecipe in this cause, and that this same fact still remains true on February 10, 1971, the date on which the fourth petition for extension of time was filed. The delay in preparing this transcript is unreasonable and from the record before us appears unjustified. The court now finds that Nadine Brady, court reporter, should be ordered to prepare the transcript of the evidence in this cause and deliver the same to Ronald Warrum, attorney for appellant, on or before April 23, 1971, and that appellant be granted an extension of time within which to file the record of the proceedings in this case to and including the 4th day of May, 1971, and that a copy of this order should be served on said Nadine Brady, court reporter, by the Sheriff of Vanderburgh County.

IT IS, THEREFORE, ORDERED that Nadine Brady, court reporter, be, and she is, hereby directed to prepare a transcript of the evidence in this action based upon the personal representative's "Petition to Determine Heirship During Administration", being Cause No. A.D. 68-610, in the Vanderburgh Superior Court, Probate Division, entitled "In the Matter of the Estate of James F. Stewart, Deceased, W. Lawrence George, Personal Representative", and deliver the same to Ronald Warrum, attorney for said personal representative, on or before April 23, 1971.

IT IS FURTHER ORDERED that appellant's fourth petition for extension of time within which to file transcript is granted to and including May 4, 1971.

IT IS FURTHER ORDERED that the clerk of this court deliver a copy of this order to the Sheriff of Vanderburgh County, Indiana, to be served by him upon Nadine Brady, court reporter.

ORDERED this second day of March, 1971.

/s/   George B. Hoffman, Jr.
Chief Justice

NOTE.—Reported in 267 N. E. 2d 80.